UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES E. ANDERSEN, on behalf of self and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>WALMART STORES, INC. and DELL INC.,<br><br>Defendants. | )<br>)<br>) **NOTICE OF MOTION TO**<br>) **REMAND**<br>)<br>)<br>)<br>) Civil Case No.: 16-cv-6488<br>)<br>)<br>) 28 U.S.C. §§ 1447 (c)<br>)<br>) Complaint Filed: May 16, 2016<br>) |

**PLEASE TAKE NOTICE** that upon the annexed Declaration and Memorandum of Law of Charles E. Andersen, plaintiff's, will move this Court before the Honorable Charles J. Siragusa, United States District Judge, Western District of New York, at 1360 U.S. Courthouse, 100 State Street Rochester, New York 14614, on a date and time to be determined by the Court, for an order pursuant to 28 US Code section 1447 remanding this matter to state court together with such further relief as the Court deems just.

Dated: July 21, 2016

/s/Charles E. Andersen
100 N. Main St., Suite 310B
Elmira NY, 14901
607-339-8669

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES E. ANDERSEN, on behalf of self and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>WALMART STORES, INC. and DELL INC.,<br><br>Defendants. | ) <br> ) <br> ) **PLAINTIFF'S MOTION TO** <br> ) **REMAND** <br> ) <br> ) <br> ) **Civil Case No.: 16-cv-6488** <br> ) <br> ) <br> ) **28 U.S.C. §§ 1447 (c)** <br> ) <br> ) **Complaint Filed: May 16, 2016** <br> ) |

Charles E. Andersen hereby declares under penalty of perjury as follows:

### Order Sought

Charles E. Andersen, plaintiff, moves this Court for an order remanding this action to state court.

### Grounds for Remand

This motion is made on the grounds that:

1. On July 14, 2016, the defendant's removed this action to federal court.

2. In the Notice of Removal filed with this Court on July 14, 2016 the defendant's contended that this court would have had jurisdiction as a class action because the amount in controversy exceeds $5,000,000 which is a requirement for removal of a class action case based on diversity of citizenship.

### Amount in Controversy to Small

3. This class action does not meet the requirements for "minimal diversity" of citizenship because subject matter jurisdiction because the amount in controversy is to small.

a) Plaintiff has alleged in his complaint that the damages to the plaintiff as a class are in excess of $1,000,000 not in excess of $5,000,000

b) The matter of the amount of damages is clearly contested from the outset by

plaintiff's prayer for relief, which defendant arbitrarily chooses to override and ignore for the purpose of obtaining a forum that they believe will be more favorable to them.

c) As the amount in controversy is contested from the outset, defendant is required to provide evidentiary support attached to his notice of removal. Where Plaintiff pleads an amount less than the jurisdictional limit defend seeking removal is required to prove "to a legal certainty that plaintiff's claim must exceed" the jurisdictional minimum. Tapscott v. MS Dealer Serv. Corp., 77 F.3d at 1357

d) Should the court for some reason decide that the amount in controversy is not contested from the conflict in the papers of the plaintiff and the notice of removal, the defendant is still required to make a plausible statement in his notice of removal as to how the facts add up to $5,000,000.00 or more in potential damages:

   I. Defendant claims that for each member of the class that the measure of damages is the full value of the computer or the purchase price of $499.00. By multiplying that value by plaintiffs estimate of the size of the class defendant arrives at a figure of $5,000,000 or more.
   II. Defendant has made a grade school math error as 10,000 x 499 = $4,990,000, not the $5,000,000 necessary to meet the amount in controversy requirement.
   III. The logic of plaintiff's damage estimate is also not plausible. The basis of plaintiff's claim is not that the computer itself is worthless, but rather that the battery of the computer is deficient for what it is advertised to be. The measure of damages for each plaintiff is the cost of a replacement battery for each computer, or the cost of purchasing an external battery supplement for the computer not the cost of replacing the entire computer.
   IV. The cost of purchasing the Dell Power Companion external battery that would extend the battery life to the advertised battery life is $114. The cost of replacing the 4 cell battery that ships with the computer with an 8 cell battery is even less.
   V. By math 10,000 x 114 = $1,140,000 not $5,000,000.
   VI. The defendant further asserts that the amount of damages under NY Gen. Bus Obligation Law is his actual damages or three times his actual damages up to $1,000 if the defendant acted willfully or knowingly violated section 349.
   VII. Under this rationale the aspect of punitive damages would make up the bulk of the amount in controversy.
   VIII. Adding punitive damages to the amount in controversy is clearly asserted solely to confer jurisdiction and should be closely scrutinized. Based upon conversations with defendants attorney they intend to

vigorously dispute a motion for class certification in this matter on the grounds that the named plaintiff is not qualified to represent the class. The allegation should therefore be disregarded as gamesmanship since the ultimate intent of the defendants is to dispute the action as a class. <u>Anthony vs. Security Pacific Financial Services, Inc.</u>, C.A.7 (Ill.) 1996, 75 F.3d 311.

IX. If for some reason the court should allow punitive damages as an element of the amount in controversy the statue provides for treble actual damages up to $1,000. **The $1,000 number is just a cap.** Three times actual damages in this case would be the maximum relief and three times the cost of the Dell Power Companion of 3 x $114.00 or $342.00 per plaintiff. By ten thousand would make the total amount in controversy $3,420,000 not $5,000,000.

X. Defendant next asserts that the amount in controversy is the maximum amount of recovery for each violation of $5,000 per incident time 10,000.

XI. Defendant has provided no explanation plausible or otherwise as to how each defendant might be entitled to $5,000 damages under the circumstances.

XII. Defendant's entire statement is speculative and logically flawed.

### Local Controversy

4. Under 1332 4(A)(i)(1) the District Court shall decline to exercise jurisdiction under paragraph (2) (Class action amount in controversy rule) if "Greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed.".

5. Plaintiff has limited his class to those individuals within the State of New York who purchased a particular make and model of computer from a Walmart Store located within the state of New York.

6. **Virtually all members** of this class will be people who reside and are domiciled in the State of New York with the exception of a puny fraction of people who may have come across from a border state to shop at a New York Walmart.

7. The District Court **must decline jurisdiction** as this matter is a local controversy. <u>Horn v State Farm Lloyds</u>, C.A. 5 2012 , F.3d 735; <u>Vodenicher v.Halcon Energy Props</u>, C.A. 3 2013 732 F.3d 497.

Sworn to this 21st day of July 2016, Elmira, NY

/s/Charles E. Andersen

## Record for Motion

This motion is based upon the foregoing declaration, Notice of Motion, Certificate of Service, and whatever other papers, records and memorandums that the parties may offer at hearing on this matter.

Dated: July 21, 2016

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES E. ANDERSEN, on behalf of self and all others similarly situated,<br><br>    Plaintiff(s),<br><br>v.<br><br>WALMART STORES, INC. and DELL INC.,<br><br>Defendants. | ) <br> ) <br> ) **CERTIFICATE OF SERVICE** <br> ) **MOTION TO REMAND** <br> ) <br> ) <br> ) Civil Case No.: 16-cv-6488 <br> ) <br> ) <br> ) 28 U.S.C. §§ 1447 (c) <br> ) <br> ) Complaint Filed: May 16, 2016 <br> ) |

I Charles E. Andersen hereby certify that I have served a copy of Plaintiff's motion to remand upon the following by electronic service.

**6:16-cv-06488-CJS Notice has been electronically mailed to:**

Brian P. Crosby bcrosby@gmclaw.com, kgiardina@gmclaw.com, shelley@gmclaw.com

Nathaniel Ari Weisbrot aweisbrot@foxrothschild.com

Timothy J. Graber tgraber@gmclaw.com, mbarone@gmclaw.com

Dated: July 21, 2016                                        /s/Charles E. Andersen

## CHARLES E. ANDERSEN                          July 22, 2016

Attorney at Law
100 N. Main St., Suite 310 B
Elmira NY 14901
607-339- 8669

United States District Court
Western District of New York
100 State St.
Rochester, N.Y. 14614

                RE: Andersen vs. Walmart Stores Inc. & Del Inc. 16-CV-6488

Dear Sir/Madam:

Enclosed please find for filing plaintiff's motion to remand to state court.

                                  Respectfully submitted,

                                  Charles E. Andersen