UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES E. ANDERSEN, on behalf of self and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>WALMART STORES, INC. and DELL INC.,<br><br>Defendants. | )<br>)<br>)<br>) **Judge: Charles J. Siragusa**<br>)<br>)<br>) **Case No.: 6:16-cv-06488**<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO REMAND**

Defendants Dell Inc. ("Dell") and Walmart Stores, Inc. ("Walmart") respectfully submit this memorandum of law in opposition to Plaintiff's Motion to Remand.

**I.    INTRODUCTION**

Plaintiff Charles E. Andersen's Motion to Remand is not well founded, factually or legally. It should be denied.

In an attempt to cast doubt on the requisite amount-in-controversy, Plaintiff backtracks from the allegations and requested relief in his Complaint and misstates federal law governing diversity jurisdiction. Plaintiff's motion is based on a fundamental misunderstanding of how the amount-in-controversy requirement should be assessed. Plaintiff argues that the amount-in-controversy element is not met because an award of $5 million to the class is *unlikely* based on new self-serving damages theories he has put forward in his motion. But the test for the Court is whether the Plaintiff has placed *at issue* $5 million in total damages (factoring in the availability of punitive damages and attorneys' fees) based on the allegations *in the Complaint*.

Here, both on the face of Plaintiff's Complaint and the facts alleged therein, the amount in controversy element under the Class Action Fairness Act ("CAFA") is satisfied and this case was properly removed to federal court. Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion to Remand.

## II. BACKGROUND

Plaintiff, an attorney, filed this putative class action lawsuit in the Supreme Court of the State of New York, County of Chemung, on or about May 16, 2016, seeking to represent himself and a putative class of consumers who purchased "Dell Inspiron 15-5000 Series laptop computers" at Walmart stores in New York. Plaintiff's Complaint alleges that Dell and Walmart have engaged in deceptive business practices in violation of New York General Business Law § 349 ("GBL § 349") and false advertising in violation of New York General Business Law §§ 350 and 350-a. ("GBL § 350" and GBL § 350-a," respectively) (Compl. ¶¶ 15, 21). Plaintiff's Complaint alleges that the class is "estimated to be in excess of 10,000 members" and he seeks on their behalf money damages, attorneys' fees, costs of suit, and "[s]uch other and further relief as the court deems just and proper." (Compl. ¶ 10; Prayer for Relief.)

Dell and Walmart timely removed this action to this Court and filed separate motions to dismiss and to compel arbitration on July 20 and 21, 2016. (Dkt. Nos. 9 & 11.) Five days later, on July 26, 2016, Plaintiff filed his Motion to Remand.

## III. ARGUMENT

### A. Plaintiff's Complaint Allegations Satisfy CAFA Requirements For Removal

The allegations made in Plaintiff's Complaint establish that CAFA's amount-in-controversy requirement is clearly met. The size of the purported class, the retail value of the

laptops at issue, and the availability of attorneys' fees and punitive damages all lead to a potential recovery that is likely to exceed CAFA's $5 million requirement.

Under CAFA, United States District Courts have original jurisdiction over any putative class action in which (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and (2) "any member of a class of plaintiffs is a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d). Here, Plaintiff agrees that this is a putative class action that involves diverse parties. Plaintiff challenges only the application of CAFA's $5,000,000 amount-in-controversy requirement.

To satisfy CAFA's amount-in-controversy requirement, a defendant "must show that it appears to a reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million." *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) (quoting *Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 58 (2d Cir. 2006)). "When the complaint fails to allege a specific damages amount, and facts relating to the jurisdictional amount are challenged by the plaintiff, the defendant must establish the requisite amount in controversy 'with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" *Id.* (quoting in part *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.,* 30 F.3d 298, 305 (2d Cir. 1994)). In determining whether the removing defendant has met this burden, courts "look first to the plaintiffs' complaint and then to [the defendant's] petition for removal." *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000).

Importantly, and contrary to Plaintiff's assertions in his motion to remand, in calculating the amount in controversy required for federal jurisdiction based on diversity of citizenship, the ultimate inquiry is what appears on Plaintiff's complaint, not what a defendant will actually owe

if liable. *Divine v. Watauga Hosp.*, 137 F. Supp. 628 (M.D.N.C. 1956); *Bourne v. Town of Madison*, 494 F. Supp. 2d 80 (D.N.H. 2007); *Straf v. Colonial Factors Corp.*, 273 F.2d 554, 557 (8th Cir. 1960) ("The amount in controversy is ordinarily to be determined by the allegations of the complaint rather than the amount that may actually be recovered."); *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341 (S.D.N.Y. 1996). Further, "[w]here the pleadings themselves are inconclusive as to the amount in controversy . . . courts may look outside those pleadings to other evidence in the record." *United Food,* 30 F.3d at 305.

Removal of this action is proper based on the allegations on the face of the Complaint. To resolve the instant dispute, the Court need not look further than Plaintiff's Complaint, which sets forth more than enough information to conclude that the CAFA amount-in-controversy exceeds $5,000,000. Plaintiff purports to represent a class "estimated to be in excess of 10,000 members." (Compl. ¶ 10.) Therefore, by his own figures and at a minimum, Plaintiff's class must consist of at least 10,001 members. Plaintiff further alleges that "[e]ach member of the class got something less than what the [sic] bargained for." (Compl. ¶ 11.) While Plaintiff's Complaint is not explicit as to the theory of damages Plaintiff will pursue on behalf of himself and the class, nowhere in his Complaint has Plaintiff limited the possibility that he would seek to recover up to the full amount of the retail value of the laptops at issue (in his case, $499), as is permitted under the stated cause of action that he premises in his Complaint. *See* N.Y. GEN. BUS. LAW. §§ 349, 350, 350-a, 350-d.

Plaintiff also ignores that attorneys' fees and punitive damages (both of which Plaintiff seeks) are considered in determining the amount in controversy. It is beyond peradventure that "attorney fees are includable in computing the jurisdictional amount if the plaintiff may recover them as an element of damages as a matter of right, either pursuant to a governing statute,

3

contract, or under the district court's equitable power to award fees." 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3702 (2016); *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614, *vacated on other grounds*, 409 U.S. 56 (1972); *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85–86 (2d Cir. 2012).

Under GBL § 349, the court may award reasonable attorneys' fees to a prevailing plaintiff. N.Y. GEN. BUS. LAW. § 349. In his Complaint, Plaintiff explicitly states that he has "incurred, and will continue to incur, expenses and costs and attorney fees necessary for the investigation and prosecution of this action." (Compl. ¶ 26.) He also requests "[p]ayment of plaintiff's attorney's fees from the amount recovered for the common benefit of the class." (Compl., Prayer for Relief.) Given the size of the class, the relief requested, and the nature of the claims, it is possible that the fees accrued in this case will be significant. Plaintiff's failure to consider them renders his computation of the amount in controversy invalid.

Moreover, if punitive damages are available as a matter of law, a court must aggregate punitive and actual damages to determine whether an action meets the requisite amount in controversy. *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Pensionverscicherungsanstalt v. Greenblatt*, 556 F. App'x 23, 26 (2d Cir. 2014).

Under GBL § 349, a plaintiff may recover three times the actual damages up to $1,000 if the court finds the defendant willfully or knowingly violated § 349. N.Y. GEN. BUS. LAW. § 349. Additionally, under GBL § 350-d, "Any person, firm, corporation or association or agent or employee thereof who engages in any of the acts or practices states in this article to be unlawful

4

shall be liable to a civil penalty of not more than five thousand dollars for each violation." N.Y. GEN. BUS. LAW. § 350-d.

In his Complaint, Plaintiff alleges that "Dell provided inaccurate scan codes and other information to Walmart stores for the marketing of their laptop computers showing *grossly exaggerated* figures for their products [sic] battery life *for the purpose of marketplace advantage*." (Compl. ¶ 16 (emphasis added).) He also alleges that "Walmart sells and markets the Dell computer with the inaccurate and misleading specifications to layperson consumers and continues to do *after having acquired information and belief as to the falsity of Dells* [sic] *technical specification claims*." (Compl. ¶ 17 (emphasis added).) These allegations, which (erroneously) accuse Defendants of engaging in willful misconduct, implicate the potential for punitive damages under GBL §§ 349 and 350.

Given the relief available to the Plaintiff under GBL §§ 349 and 350 and the allegations made on the face of Plaintiff's Complaint, consideration of punitive damages in calculating the amount in controversy is proper.[1] As discussed above, given the size of the class alleged by Plaintiff and the cost of the laptops at issue in the case, punitive damages recoverable under GBL §§ 349 and 350 could lead to amounts in controversy upwards of $10 million (not including attorneys' fees).

Although Plaintiff argues that the Court should not consider punitive damages for the purposes of assessing the amount in controversy, Plaintiff does not cite a single New York case asserting that punitive damages should not be considered in calculating the amount in

---

[1] Plaintiff argues that Defendants are "adding punitive damages" as "gamesmanship." (Pl.'s Mot. to Remand, ¶ d.VIII.) He advances this argument "[b]ased upon conversations with defendants [sic] attorney they intend to vigorously dispute a motion for class certification in this matter on the grounds that the named plaintiff is not qualified to represent the class." However, it is Plaintiff who alleged willful conduct and requested full relief from the court "as the court deems just and proper," which, under GBL §§ 349 and 350, includes punitive damages. Plaintiffs' argument, therefore, is not well founded.

5

controversy for jurisdictional purposes. He cites only to a case that applied Illinois law to a claim where punitive damages were not available as a matter of Illinois law. *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315–16 (7th Cir. 1996). Further, that case stands for the proposition against which Plaintiff argues, rather holding: "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Id.* (*quoting Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995)).

Finally, although Plaintiff rests his argument for remand on damages theories based off of the purchase price of the particular model *he* purchased, Plaintiff has defined his putative class broadly to include a whole class of laptop models beyond the specific model that he purchased, including laptops that are substantially more expensive than the laptop he purchased. For example, the Dell Inspiron 15 5000 Series I5558-7142SLV 15.6-Inch Laptop, which would be included under the class defined by Plaintiff, currently retails for $989.00 on Walmart.com.[2] Any calculations of potential damages that do not take into consideration the higher-priced Inspiron 15-5000 models are inaccurate based on allegations that appear on the face of Plaintiff's Complaint.

CAFA's amount-in-controversy requirement is clearly met here. As established above, the size of the purported class, the retail value of the laptops at issue, and the availability of attorneys' fees and punitive damages combined result in a potential recovery that is likely to exceed CAFA's $5 million requirement.

---

[2] http://www.walmart.com/ip/Dell-Silver-Matte-15.6-Inspiron-15-5000-Series-i5558-7143SLV-Laptop-PC-with-Intel-Core-i7-5500U-Processor-8GB-Memory-Touchscreen-1TB-Hard-Drive-an/45733870.

### B.  Plaintiff Improperly Interprets "Local Controversy' Under 28 U.S.C. § 1332(d)(4).

Finally, the Court can easily disregard Plaintiff's argument that it should decline jurisdiction under 28 U.S.C. § 1332(d)(4) because Plaintiff has simply misstated the law, ignoring an applicable subsection that invalidates his argument. Plaintiff asserts that because "virtually all members of [the] class will be people who reside and are domiciled in the State of New York with the exception of a puny fraction of people who may have come across from a border state to shop at a New York Walmart," 28 U.S.C. § 1332(d)(4) dictates that the Court shall decline federal jurisdiction. (Pl.'s Mot. to Remand ¶¶ 6, 4–7.) Plaintiff's argument ignores the second part of the very same statute, which *also requires* that at least one defendant is "a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(a)(i)(II). As asserted by Plaintiff in his Complaint and affirmed by Defendants in their Notice of Removal, neither of the Defendants are New York citizens. (Compl. ¶¶ 2, 4; Defs.' Notice of Removal of Civil Action from State Court ¶¶ 8–13.) Plaintiff's argument that this action should be remanded under 28 U.S.C. § 1332(d)(4), therefore, necessarily fails.

Federal jurisdiction over this matter is mandatory, not discretionary, under CAFA because Defendants are not citizens of New York, "the state in which th[is] action was originally filed." 28 U.S.C. § 1332(d)(3). CAFA's exceptions to jurisdiction in 28 U.S.C. § 1332(d)(4), (5) and (9) simply have no application here. Accordingly, this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as amended by CAFA, and this action was properly removed to this court under 28 U.S.C. § 1453.

### IV.   CONCLUSION

For the reasons set forth above, this Court should deny Plaintiff's Motion to Remand because all of the requirements set forth in 28 U.S.C. §§ 1332, 1441(b), and 1446 have been met.

7

Dated:  August 23, 2016

Respectfully submitted,

By: /s/ Kimball R. Anderson
Kimball R. Anderson (admitted pro hac vice)
Email: kanderson@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive, Suite 4100
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

By: /s/ Brian P. Crosby
Brian P. Crosby (SBN: 1201912)
Email:  bcrosby@gmclaw.com
**GIBSON, MCASKILL & CROSBY, LLP**
69 Delaware Avenue, Suite 900
Buffalo, New York  14202-3866
Telephone: (716) 856-4200
Facsimile: (716) 856-4013

Attorneys for Defendant
**Dell Inc.**


By: /s/ N. Ari Weisbrot
N. Ari Weisbrot (SBN: 2698827)
Email: aweisbrot@foxrothschild.com
**FOX ROTHSCHILD LLP**
75 Eisenhower Parkway, Suite 200
Roseland, New Jersey  07068-1600
Telephone:  (973) 992-4800
Facsimile:  (973) 992-9125

Attorney for Defendant
**Walmart Stores, Inc.**